THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAY 26 1971

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE FOUR SEASONS SECURITIES )
LAWS LITIGATION                )          DOCKET NO. 55
                               )
OPINION AND ORDER

---

BEFORE JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL*

---

JOHN MINOR WISDOM, JUDGE OF THE PANEL

On its own initiative the Panel entered a show cause order in these ten actions,[1] all of which allege violations of the securities laws in connection with public offerings and private placements of the securities of Four Seasons Nursing Centers of America, Inc. (Four Seasons) and its related corporations. The principal defendants in this litigation are Four Seasons and its affiliates, the officers and directors of the companies, and Walston & Co., the principal underwriter of Four Seasons securities. Four Seasons and Four Seasons Equity Corp., one of its affiliates, are now undergoing a Chapter X Reorganization in the Western District

---

*Judge Alfred P. Murrah, Chairman of the Multi-District Litigation Panel took no part in these proceedings.

[1] One of the ten actions originally included in the show cause order, an action by the reorganization trustee on behalf of the debtor corporations and their individual shareholders, has been dismissed with out prejudice. That case has therefore, been deleted from the attached Schedule A. The plaintiff in Orchestra Investment Club v. Four Seasons Nursing Centers, a case which was not included in the Panel's show cause order, appeared at the hearing on this matter and agreed to be bound by the Panel's decision. Accordingly, that case is included on Schedule A.

of Oklahoma under the supervision of Judge Luther L. Bohannon.

The ten actions are pending in four different districts and assert a number of conflicting claims for class representation. Seven of the ten actions were brought on behalf of a class composed of all injured shareholders of Four Seasons. Five of these were brought in the Southern District of New York, where they were consolidated and general counsel for the plaintiffs appointed. The remaining two actions were filed in the Western District of Oklahoma and the Northern District of Illinois. Two of the remaining three actions seek representation of different and conflicting classes. In the Northern District of Ohio, the plaintiff seeks to represent all purchasers of Four Seasons and Four Seasons Equity securities at private placement while one of the New York actions seeks to represent all stockholders of Four Seasons Equity.

Virtually all of the parties responding to the Panel's order agree to the desirability of centralizing these cases for coordinated or consolidated pretrial proceedings under Section 1407. Common questions of fact arise from the common allegations concerning the defendant's false and misleading statements, their failure to disclose material facts, and their participation in transactions detrimental to the Four Seasons companies. Treatment of these cases under Section 1407

- 2 -

will eliminate repetitive discovery and place all con-
flicting class claims before one court, thus furthering the
convenience of the parties and witnesses and the just and
efficient conduct of the litigation. [2]

The only opposition to transfer [3] comes from the plaintiff
in <u>Fink</u> v. <u>Johnstone</u> in the Southern District of New York,
who alleges derivative claims on behalf of Four Seasons Equity
and class claims on behalf of its stockholders.  He contends
that these claims are factually unrelated to the claims assert-
ed in the other suits, which are all said to be on behalf of
Four Seasons and its shareholders.   We must reject this con-
tention for several reasons.  First, Fink's is not the only
action on behalf of Four Seasons Equity and its shareholders.
The class sought by the Ohio plaintiff includes all purchasers
of Four Seasons Equity's securities at private placement.  More
importantly, as a reading of the complaints makes clear, these
cases all allege a common scheme to defraud investors by issuing
false information concerning both Four Seasons and Four Seasons
Equity.  Of course, the existence of common facts does not mean
that the stockholders of both Four Seasons and Four Seasons Equity

---

[2]    We decline the Illinois plaintiff's request to decide
the class representation claims asserted by the various plaintiffs.
This is a matter for the transferee judge to decide.
[3]    None of the parties to <u>M. G. Development</u> v. <u>Kohlmeyer & Co.</u>
Civil No. 70-H622 (S.D.Texas) have responded to the Panel's order
but that case, brought by a customer against his broker for losses
allegedly resulting from purchases of Four Seasons securities, is
a part of this litigation.  See <u>In re Revenue Properties Litigation</u>,
314 F.Supp. 1255 (J.P.M.L. 1970).

have identical interests. Should conflicts concerning discovery objectives develop between these two groups of stockholders, they may be presented to the transferee judge to decide the extent of the coordination or consolidation of pretrial proceedings. See In re Revenue Properties Litigation, 309 F. Supp. 1002 (J.P.M.L. 1970); In re Seeburg-Commonwealth United Litigation, 312 F. Supp. 909 (J.P.M.L. 1970).

The only question remaining is whether to transfer these cases to New York, Chicago, or Oklahoma. All defendants, the Oklahoma plaintiff, and one New York plaintiff favor the Western District of Oklahoma. The remaining New York plaintiffs prefer the Southern District of New York and the Illinois plaintiff prefers Chicago. We conclude that the Western District of Oklahoma is the most desirable transferee forum. It is true that some of the prospective witnesses are brokers, analysts, underwriters, and customers who are engaged in business in New York. But the central legal question is the defendants liability and the common areas of discovery will center on the conduct of the defendants during the registration, issuance, and sale of the securities. The principal defendants, the officers, and directors of the Four Seasons companies, are for the most part Oklahoma residents. Those residing elsewhere can travel to Oklahoma as easily as to New York. The records of

- 4 -

the companies are also present in that district, where they are under the supervision of the reorganization court and its trustee 11 U.S.C. § 511.   And as we said in the <u>Penn Central Securities Litigation</u>,      F. Supp.      (J.P.M.L. Jan., 25, 1971), coordination of pretrial proceedings in these cases with proceedings in the reorganization court would aid the just and efficient conduct of the cases.

The pendency of the Chapter X reorganization in the Western District of Oklahoma raises the same considerations concerning assignment to a particular judge that were discussed on the Penn Central litigation.   The Chapter X reorganization, like the Section 77 reorganization, aims at rehabilitation of the corporate debtor and gives the reorganization court similar powers to stay and enjoin litigation against the corporate debtor.   11 U.S.C. §§ 11, 513, 516(4).   Assignment of the cases to the reorganization judge would subject him to the same potential conflict between the rehabilitative purpose of the reorganization and Section 1407's goal of expeditious pre-trial proceedings.   <u>In re Penn Central Litigation</u>, <u>supra</u> at _____.   The potential conflict might have been even greater here since the Four Seasons trustee sought to maintain derivative actions on behalf of the shareholders of those corporations.[4/]   For these

---

4/   This case was dismissed without prejudice.   See, n. 1.

reasons we think it best to assign these cases to a judge
other than the reorganization judge.  With the cooperation
of all involved, Judge Roszel C. Thomsen of the Fourth Circuit
has been assigned to the Western District of Oklahoma pursuant
to 28 U.S.C. §292 and these cases will be assigned to him for
pretrial proceedings.

IT IS THEREFORE ORDERED that all actions in the attached
Schedule A pending in districts other than the Western District
of Oklahoma be, and the same hereby are, transferred to the
Western District of Oklahoma and assigned to the Honorable
Roszel C. Thomsen for coordinated or consolidated pretrial pro-
ceedings under Section 1407.

DOCKET NO. 55                                          SCHEDULE A

### SOUTHERN DISTRICT OF NEW YORK

Matthew D. Margoles, etc. v. Four Seasons          Civil Action
Nursing Centers of America, Inc., et al.           No. 70 Civ 2317

Lowell S. Fink, etc. v. Gordon H.                  Civil Action
McCollum, et al.                                   No. 70 Civ 2244

Henry J. Lebens, etc. v. Walston & Co.,            Civil Action
Inc., et al.                                       No. 70 Civ 2413

Mollie Nussbacher v. J. S. Andres, et al.          Civil Action
                                                   No. 70 Civ 2082

Franz L. Paul, etc. v. Jack L. Clark               Civil Action
et al.                                             No. 70 Civ 2746

Lowell S. Fink, etc. v. John W. Johnston,          Civil Action
et al.                                             70 Civ 2773

### NORTHERN DISTRICT OF OHIO

Edward Ginsbert v. Four Seasons Nursing            Civil Action
Centers of America, Inc., et al.                   No. C70-654

### SOUTHERN DISTRICT OF TEXAS

M. G. Development Co. v. Kohlmeyer & Co.,           Civil Action
et al.                                             No. 70-H-622

### WESTERN DISTRICT OF OKLAHOMA

Frank Sher, etc. v. Jack L. Clark, et al.          Civil Action
                                                   No. Civ-70-375

### NORTHERN DISTRICT OF ILLINOIS

Orchestra Investment Club, et al. v. Four          Civil Action
Seasons Nursing Centers of America, Inc.           No. 70 C 2022

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG 25 1971

PATRICK D. HOWARD
CLERK OF THE PANEL

IN RE FOUR SEASONS SECURITIES      )
LAWS LITIGATION                    )
                                   )
_Manford H. Fetman, etc. v. Walston_  )
_& Co., Inc., et al._, Northern District )
of Illinois, Civ. Action No. 70 C 1913 )
                                   )
_Loren Schweninger v. Walston &_   )
_Co., Inc., et al._, Northern District )
of Illinois, Civ. Action No. 70 C 3107 )    DOCKET NO. 55
                                   )
_Henry L. Schoger v. Walston & Co., Inc._, )
_et al._, Northern District of California, )
Civ. Action No. C-70-2721-LHB      )
                                   )
_William Tomasello v. Walston & Co., Inc._ )
_and Frank Crimmins_, Southern District of )
New York, Civ. Action No. 71 Civ. 719 )

OPINION AND ORDER
_____

BEFORE JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON,
WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A.
WEIGEL, JUDGES OF THE PANEL*
_____

PER CURIAM

      The financial collapse of Four Seasons Nursing Centers of

America, Inc. and its related corporations led to the filing of

ten stockholder actions alleging that the corporate officers,

directors, underwriter and others had violated the federal securi-

ties laws.  In an earlier opinion, the Panel concluded that the

conflicting class claims and the common factual background alleged

_____

*     Judge Alfred P. Murrah, Chairman of the Multidistrict Litigation
Panel, took no part in these proceedings.  Although Judge John Minor
Wisdom and Judge Joseph S. Lord, III were not present at the hearing
they have, with the consent of all parties, participated in this
decision.

- 2 -

in these actions required their transfer under section 1407 for
coordinated or consolidated pretrial proceedings.  Because several
of the Four Seasons Companies were undergoing a Chapter X Re-
organization in the Western District of Oklahoma and because the
companies' records were present in that District under the super-
vision of the reorganization court and its trustee, the Panel
transferred all of the litigation to the Western District of
Oklahoma for pretrial proceedings before Judge Roszel C. Thomsen.
*In re Four Seasons Litigation,* ___ F. Supp. ___ (J.P.M.L. June 30, 1971)

Shortly after the entry of that earlier opinion, the Panel
entered a show cause order in the four above-captioned actions,
which were apparently related to the earlier transferred cases.
In three of those cases the plaintiffs have stated that they have
no objection to transfer under section 1407.  One of the principal
defendants in these cases, Walston & Co., Inc., also supports
their transfer.  No party has shown any opposition to transfer.
A reading of the complaints and the responses to the show cause
order has satisfied us that these cases satisfy the criteria of
section 1407 and they will be transferred to the Western District
of Oklahoma.[1]/

---

[1]/   We note that plaintiff in the *Tomasello* action requests that
discovery of him by the defendants and of the defendants by him be
deferred until discovery is completed in the other cases.  We have
consistently left such requests for individual treatment to the dis-
cretion of the judge to whom these cases are transferred.  *In re
Alsco-Harvard Litigation,* ___ F. Supp. ___ (J.P.M.L. June 30, 1971),
*In re Antibiotic Drugs,* ___ F. Supp. ___ (J.P.M.L. June 15, 1971).

- 3 -

Different treatment is required in the *Schweninger* case.
Plaintiff in that action, a graduate history student, stresses
that the legal theory, as well as the factual basis, of his
action will rest more on the individual conduct of personnel
in Walston's Chicago office than on the common facts being de-
veloped in Oklahoma.  He alleges that he left his former post as
high school teacher to enroll in a course in graduate studies and,
in order to maximize the return on his life savings, sought in-
vestment advice from the Chicago offices of Walston & Co.  He
alleges that a representative of Walston & Co. invested his entire
life savings in highly speculative securities with disastrous
results.  Plaintiff states that he intends to proceed on the theory
that individual affirmative misrepresentations made by the repre-
sentative of Walston violated the SEC Rules and Regulations, that
the advice given breached Rule 405 of the New York Stock Exchange
(the "Know your Customer" Rule), and that Walston breached the
Securities Acts by other actions in connection with plaintiff's
individual account.

If plaintiff proceeds on the factual and legal basis just
described, there will be little reason for him to participate
in the coordinated or consolidated pretrial proceedings conducted
in Oklahoma.  The factual basis asserted by Schweninger is so
individualized that little overlap in discovery is likely to
occur absent transfer.  Of course, the potential for overlapping
discovery is present since one of the allegedly speculative stocks
purchased for plaintiff's account was Four Seasons.  Should the

- 4 -

plaintiff go beyond the legal theory described to the Panel and explore the background of common facts concerning the financial affairs of the Four Seasons Companies and their relationship with Walston & Co., transfer of this case to Oklahoma might become appropriate.

IT IS THEREFORE ORDERED that transfer of the action entitled *Loren Schweninger v. Walston & Co., Inc.* (N.D. Ill. Civ. Action No. 70-C-3107) be denied, without prejudice to the right of any party to move for transfer under §1407(c)(i) should discovery in that action cover, to any substantial degree, questions of fact raised in the cases now pending in the Western District of Oklahoma.

IT IS FURTHER ORDERED that the remaining three above-captioned actions be, and the same hereby are, transferred to the Western District of Oklahoma and assigned to the Honorable Roszel C. Thomsen for coordinated or consolidated pretrial proceedings under section 1407.



BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION    APR 21 1972

IN RE FOUR SEASONS SECURITIES LAWS LITIGATION

| | |
|---|---|
| M. G. Development Co. v. Kohlmeyer & Co., ) | |
| Inc., et al., W.D. Oklahoma, Civil Action ) | DOCKET NO. 55 |
| No. Civ-71-355                          ) | |

OPINION AND ORDER
_____

BEFORE JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON*,
WILLIAM H. BECKER, JOSEPH S. LORD, III*, AND STANLEY A. WEIGEL,
JUDGES OF THE PANEL*
_____

PER CURIAM

     The Panel previously transferred ten actions involving the

corporate affairs of Four Seasons Nursing Centers of America, Inc.,

and its related corporations to the Western District of Oklahoma

for coordinated or consolidated pretrial proceedings before Judge

Roszel C. Thomsen.  In re Four Seasons Securities Laws Litigation,

328 F. Supp. 221 (J.P.M.L. 1971).  Included among the ten actions

transferred was the action brought by M. G. Development Company

against its stockbroker, Kohlmeyer and Company, and against Four

Seasons and its individual officers and directors.  Although neither

M. G. Development nor Kohlmeyer responded to the Panel's order to

show cause why the case should not be transferred, the Panel con-

cluded from the allegations of the complaint that the action was

a part of the litigation assigned to Judge Thomsen.  Since that

_____

*  Judge Alfred P. Murrah, Chairman of the Multidistrict Litiga-
tion Panel, took no part in these proceedings.  Although Judges
Robson and Lord were not present at the hearing, they have, with
the consent of all parties, participated in this decision.

- 2 -

initial transfer, a program for the completion of discovery and
resolution of other pretrial matters has been set by Judge
Thomsen and adhered to by the parties.

M. G. Development Company, which has apparently not parti-
cipated in the coordinated or consolidated pretrial proceedings,
now seeks remand of its claim against Kohlmeyer and Company to
the transferor district, the Southern District of Texas.  Two
of the individual director defendants and Kohlmeyer oppose plain-
tiff's remand motion.  On the basis of the papers submitted by
the parties and the hearing on this matter, we hold that plaintiff
has failed to show the need for remand of its action.

Plaintiff argues that the facts supporting its claim against
Kohlmeyer are different from those supporting its claim against
the officers and directors of the Four Seasons companies.  In
its complaint, plaintiff alleges that, in recommending the
securities of Four Seasons, Kohlmeyer assured plaintiff that
Kohlmeyer's own research indicated Four Seasons had understated
its income by not reporting receipts from sales of franchises.
Subsequent representations were allegedly made by Kohlmeyer,
affirming the accuracy and reliability of reports issued by
Four Seasons on the basis of independent research by Kohlmeyer.
Plaintiff asserts that development of the facts surrounding these
allegations will require discovery of reports in the possession
of Kohlmeyer and of the extent of Kohlmeyer's participation in
transactions with Four Seasons stock.  Since Kohlmeyer is a

- 3 -

defendant only in this action, plaintiff argues that this dis-
covery can best be handled in the home district, the Southern
District of Texas.

It is clear, however, that plaintiff will have to examine
the records of Four Seasons in order to develop all the elements
of its case and this is exactly what the plaintiffs in the other
transferred actions are now doing under the supervision of
Judge Thomsen.  This common discovery should be completed before
remand of plaintiff's claim is considered.  See, In re Revenue
Properties Litigation, 333 F. Supp. 559 (J.P.M.L. 1971).  It
has also been suggested that plaintiffs in the multidistrict
proceedings are investigating the conduct of other brokers in
disseminating information concerning the Four Seasons companies.
It is possible that Kohlmeyer, in preparing its defense, may
wish to participate in discovery on this subject.  Because of
the extensive common factual areas remaining to be explored,
we think it best to leave the plaintiff's action in the Western
District of Oklahoma.

IT IS THEREFORE ORDERED that the motion for remand of a
portion of the action, M. G. Development Company v. The
Kohlmeyer & Co., Inc., et al., W.D. Oklahoma, Civil Action No.
Civ-71-355, be, and the same hereby is, DENIED.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUL 13 1972

PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE FOUR SEASONS SECURITIES LITIGATION

Loren Schweninger v. Walston & Co., Inc., )
et al., Northern District of Illinois,    )    DOCKET NO. 55
Civil Action No. 70 C 3107                )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM*, EDWARD WEINFELD, EDWIN A. ROBSON,
WILLIAM H. BECKER, JOSEPH S. LORD, III*, AND STANLEY A. WEIGEL,
JUDGES OF THE PANEL

PER CURIAM

This is the second time the Schweninger action has been
before the Panel as a tag-along case in the Four Seasons
Securities litigation.  This time we conclude that sufficient
common questions of fact are raised to make its transfer to the
Western District of Oklahoma necessary for the convenience of
the parties and witnesses and the just and efficient conduct of
the litigation.

After the initial order transferring the Four Seasons
Litigation to the Western District of Oklahoma, In re Four
Seasons Securities Litigation, 328 F. Supp. 221 (J.P.M.L., May 25,
1971), the Panel ordered the parties in the Schweninger action and
three others that appeared to be tag-along cases to show cause

---

*    Judge Alfred P. Murrah took no part in these proceedings.
Although Judges Wisdom and Lord were not present at the hearing,
they have, with the consent of all parties, participated in
this decision.

-2-

why their cases should not be transferred to that district.
The other three actions were transferred to Oklahoma without
opposition, but plaintiff Schweninger successfully opposed
transfer.  In re Four Seasons Securities Litigation, 331 F.
Supp. 559 (J.P.M.L., August 25, 1971)

At that time Schweninger described his action as one
resting on a Walston representative's individual affirmative
misrepresentations to him concerning Four Seasons and other
stock rather than one involving the affairs of the Four Seasons
companies.  The Panel accepted Schweninger's characterization
of his action and observed, "If plaintiff proceeds on the factual
and legal basis just described, there will be little reason for
him to participate in the coordinated or consolidated pretrial
proceedings conducted in Oklahoma."  In re Four Seasons Securities
Litigation, supra at 560.  The Panel noted, however, that "the
potential for overlapping discovery" was present and for this
reason made the denial of transfer "without prejudice to the
right of any party to move for transfer . . . should discovery
. . . cover, to any substantial degree, questions of fact
raised in the cases now pending in the Western District of
Oklahoma."  In re Four Seasons Securities Litigation, supra at
560.

Since the denial of transfer Schweninger has proceeded with
discovery in the Northern District of Illinois.  He now seeks
from Walston all information possessed by it concerning the
financial condition of the Four Seasons companies prior to
reorganization; information concerning the relationship between
Walston, the Four Seasons companies and Montgomery Company (an

-3-

investment vehicle for Walston partners); and all information concerning investigations into the affairs of Four Seasons and Walston by the SEC and American Stock Exchange subsequent to the reorganization.  Schweninger also seeks to depose Gordon H. McCollum, a Walston official who served on the board of one of the Four Seasons companies but who had no contact with Schweninger.

Defendants Walston & Co., Inc., Montgomery Co. and Glenn R. Miller argue that these discovery requests are duplicative of discovery sought in the Western District of Oklahoma and move the Panel for transfer of the Schweninger action to that district. Defendant Gordon H. McCollum joins in the motion.  The Illinois district court has continued a ruling on Schweninger's motion to compel this discovery pending the Panel's decision.

Schweninger again opposes transfer of his action, contending that his discovery will not sufficiently overlap discovery in the Oklahoma cases to require transfer.  He asserts that the Panel has already determined his cause of action to be inappropriate for transfer because of the individual misrepresentations allegedly made by Walston representatives.  Schweninger states that in order to recover on his individual cause of action, he must prove the falseness of the representations and Walston's knowledge of the falseness by developing the true state of affairs concerning the Four Seasons companies and Walston's information on that subject.  Finally, shortly before the hearing Schweninger informed the Panel that he intended to forego the deposition of Gordon McCollum and that he would be agreeable to the production of the requested documents at the document depository in the consolidated cases.

-4-

We think Schweninger's late concessions only serve to emphasize the need for transfer.  As Schweninger concedes, it is necessary for him to develop the facts concerning the Four Seasons companies and Walston's relationship with those companies in order to recover on his individual cause of action.  It is clear that this same information is sought by the parties in the transferred actions and that some of the documents requested by Schweninger have already been produced by Walston.  The transferee judge, Judge Thomsen, is working with counsel to devise an expeditious schedule for the pretrial preparation of the cases and the Schweninger action should be transferred immediately so that the parties can participate in those proceedings.

IT IS THEREFORE ORDERED that the action entitled <u>Loren Schweninger v. Walston & Co</u>., Northern District of Illinois, Civil Action No. 70 C 3107, be, and the same hereby is, transferred to the Western District of Oklahoma and, with the prior consent of that court, assigned to the Honorable Roszel C. Thomsen for pretrial proceedings pursuant to 28 U.S.C. §1407.

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 16 1972

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE FOUR SEASONS SECURITIES        )
LAWS LITIGATION                       )
                                      )
Seymour Goeld, et ux. v. Walston & Co., )
Inc., et al., S.D. Fla., Civil Action  )
No. 72-749                            )          DOCKET NO. 55
                                      )
Jean Sitarski v. Walston & Co., Inc., )
et al., N.D. Illinois, Civil Action   )
No. 72 C 1032                         )

OPINION AND ORDER

BEFORE ALFRED P. MURRAH*, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH
S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

        Because of their similarity to others actions in

the Four Seasons litigation, see, In re Four Seasons Securities

Litigation, 328 F. Supp. 221 (J.P.M.L. 1971), the two above-

captioned actions were the subject of conditional transfer

orders to the Western District of Oklahoma, entered by the

Clerk of the Panel.  Plaintiffs in both actions have moved

to vacate these orders while the common defendant, Walston

& Co., supports transfer.  The parties have submitted the

question on the briefs and we have concluded that both

---

\* Judge Alfred P. Murrah took no part in the consideration
or decision of this matter.

- 2 -

actions must be transferred for pretrial proceedings with the actions now pending in Oklahoma.

Both the Goeld and Sitarski actions are brought by individuals who purchased Four Seasons securities through Walston & Co. The complaint in the Goeld action alleges that plaintiff purchased Four Seasons securities on the basis of recommendations from Walston and its representative and that Walston and the representative violated the federal securities laws by misrepresenting the financial condition of Four Seasons and omitting to disclose their own financial interests and participation in the affairs of the Four Seasons companies. It is also asserted that the defendants disposed of all or part of their holdings on the basis of inside information from Four Seasons.

Plaintiff Sitarski alleges that Walston made misrepresentations concerning securities which she purchased through Walston and failed to manage her account in a careful and prudent manner. Although other stocks were purchased by plaintiff, the only specific allegations of misrepresentation contained in Sitarski relate to purchases of Four Seasons securities. As to those purchases Sitarski alleges that Walston and the representative handling her account should have known and disclosed several specific items of information concerning the financial practices and conditions of the Four Seasons companies.

- 3 -

Both plaintiffs attempt to bring their cases within
the rationale of our decision denying transfer of a tag-along
case in this litigation, the Schweninger case.  See, In re
Four Seasons Securities Litigation, 331 F. Supp. 559 (J.P.M.L.
1971).  In the Schweninger action a private investor in Four
Seasons and other securities sued Walston, his broker,
alleging misrepresentations and omissions in violation of
the federal securities laws.  Transfer was, at first, denied
without prejudice to later consideration, on the basis of
Schweninger's arguments that the factual basis of his action
lay in the individual conduct of the Walston representative
handling his account rather than in the affairs of Four
Seasons companies.  However, Walston subsequently requested
the Panel to reconsider its decision on the basis of
Schweninger's discovery requests for information concerning
the financial condition of Four Seasons and its relationship
with Walston.  We concluded that the discovery requests
indicated the existence of sufficient common questions of
fact to require transfer.  In re Four Seasons Securities
Litigation, 344 F. Supp. 1404 (J.P.M.L. 1972).

We think the logic of our second decision in
Schweninger applies to these cases as well.  In each case
misrepresentations by Walston and its representatives are
alleged and in each case the plaintiff must prove the falsity

- 4 -

of those representations by ascertaining the facts concerning
the Four Seasons companies and their relationship with Walston.
Unless the cases are transferred to a single forum, duplicative
discovery may result.

An additional reason for transfer is provided by
the negotiation of a proposed settlement in the transferred
cases subsequent to the submission of this matter to the Panel.
It appears that the proposed class-wide settlement of the
claims of Four Seasons securities purchasers against Walston
and other common defendants has been submitted to the trans-
feree court for approval[1]/ and that, after notice to the class,
a hearing on the question of the approval of the settlement
will be held.  It is unclear whether the <u>Goeld</u> and <u>Sitarski</u>
plaintiffs wish to participate in this settlement or to reject
it and litigate their claims individually.  In either event,
however, it appears that the just and efficient conduct of
the litigation and the convenience of the parties and witnesses
will best be served by transferring both actions to the Western
District of Oklahoma.

IT IS THEREFORE ORDERED that the actions entitled
<u>Seymour Goeld, et ux. v. Walston & Co., Inc., et al.</u>, S.D.
Fla., Civil Action No. 72-749 and <u>Jean Sitarski v. Walston</u>

---

[1]/  <u>In re Four Seasons Securities Laws Litigation</u>, MDL Docket
No. 55 (W.D. Okla., filed September 21, 1972).

- 5 -

& Co., Inc., N.D. Illinois, Civil Action No. 72 C 1032 be,
and the same hereby are, transferred to the Western District
of Oklahoma and assigned to the Honorable Roszel C. Thomsen
for coordinated or consolidated pretrial proceedings pursuant
to 28 U.S.C. §1407, with the actions previously transferred
to that district.

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE FOUR SEASONS SECURITIES          )
LAWS LITIGATION                        )
                                       )     DOCKET NO. 55
Jack Abrams v. Walston & Co., Inc.,    )
et al., S.D.N.Y., Civil Action         )
No. 72-Civ-4704                        )

OPINION AND ORDER
————————————

BEFORE ALFRED P. MURRAH*, CHAIRMAN, AND JOHN MINOR WISDOM*,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III,* AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

————————————

PER CURIAM

        The complaint filed in the above-captioned action
appeared on its face to raise questions of fact common to the
actions previously transferred by the Panel under Section 1407
to the Western District of Oklahoma for coordinated or consoli-
dated pretrial proceedings before Judge Roszel C. Thomsen.
See In Re Four Seasons Securities Laws Litigation, 328 F. Supp.
221 (J.P.M.L. 1971); 331 F.Supp. 559 (J.P.M.L. 1971); 342 F. Supp.
758 (J.P.M.L. 1972); 344 F. Supp. (J.P.M.L. 1972); ___ F. Supp.___
(J.P.M.L. Nov. 16, 1972); ___ F.Supp.___ (J.P.M.L. Jan 5, 1973).
On the basis of the prior hearings and for the reasons expressed
in previous opinions and orders in this litigation, an order
conditionally transferring the Abrams action to the Western
District of Oklahoma was entered by the Clerk of the Panel.

————————————

*    Judge Alfred P. Murrah took no part in the consideration or
decision of this matter.  Although Judges Wisdom and Lord were not
present at the hearing, they have, with the consent of all parties,
participated in this decision.

- 2 -

Plaintiff timely filed a motion to vacate that order and the
matter was set for hearing.  On the basis of the briefs filed
and the hearing held, we find that transfer of this action
to the Western District of Oklahoma will serve the convenience
of the parties and witnesses and will promote the just and
efficient conduct of the litigation.

Plaintiff Abrams maintained an investment account
with Walston & Co., and alleges that Walston and the employee
managing his account violated Section 10b of the Exchange Act
of 1934 and Rule 10b-5 promulgated thereunder in connection with
purchases of Four Seasons common stock made for his personal account.
Abrams argues that his action should not be transferred because
it relates solely to the customer-broker relationship which existed
between him and defendants and does not involve questions of fact
common to the cases previously consolidated for pretrial proceedings.

Plaintiff's argument is not persuasive.  A settlement
of the claims of classes of Four Seasons stockholders has been
approved by Judge Thomsen in the consolidated proceedings and
it appears that Abrams is a member of the settling classes.
In addition, defendants advise that Abrams has already filed
a claim in the settlement proceedings and executed a release
of all of his claims relating to transactions involving
Four Seasons securities.

Clearly, the Abrams action raises questions concerning
the effect of the class settlement and releases executed in
connection therewith.  It would be most logical, therefore,
to transfer this action to the transferee judge who has a

- 3 -

first-hand familiarity with the settlement and who may be faced
with similar questions.  In Re Four Seasons Securities Laws
Litigation, ___ F. Supp. ___ (J.P.M.L. Jan. 5, 1973).

     An additional reason supports transfer of the Abrams
action to the Western District of Oklahoma.  In the event Abrams
is allowed to proceed with his action, his discovery will be
largely common to that pursued by other individual plaintiffs
who exercised their right to be excluded from the settlement
and are now proceeding toward trial.

     IT IS THEREFORE ORDERED that the action entitled
Jack Abrams v. Walston & Co., Inc., et al., S.D.N.Y., Civil Action
No. 72-Civ-4704, be, and the same hereby is, transferred to
the Western District of Oklahoma and, with the consent of that
court, assigned to the Honorable Roszel C. Thomsen for coordinated
or consolidated pretrial proceedings with the other actions
pending there.

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION JAN -5 1973

IN RE FOUR SEASONS SECURITIES LAWS LITIGATION )

Alf Garnaas v. Bache & Co., Inc., D. Minn.,      )
Civil Action No. 4-71-649                         )   DOCKET NO. 55
                                                  )
Bertha Moss v. Walston & Co., Inc., N.D.         )
Ill., Civil Action No. 72 C 1726                 )

OPINION AND ORDER
———————

BEFORE JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON,
WILLIAM H. BECKER, JOSEPH S. LORD, III, AND STANLEY A. WEIGEL,
JUDGES OF THE PANEL*
                  ———————

PER CURIAM

        The Panel has transferred nineteen actions involving

the securities of Four Seasons Nursing Centers of America,

Inc. and related companies to the Western District of

Oklahoma for coordinated pretrial proceedings.  See, e.g.,

In re Four Seasons Securities Laws Litigation, 328 F. Supp.

221 (J.P.M.L. 1971); 331 F. Supp. 559 (J.P.M.L. 1971); 342

F. Supp. 758 (J.P.M.L. 1972); 344 F. Supp. 1404 (J.P.M.L.

1972); ___ F. Supp. ____ (J.P.M.L. 1972).  An examination

of the complaints in the Moss and Garnaas actions revealed

that these actions apparently shared common questions of

fact with the actions previously transferred under Section

1407.  Conditional transfer orders were entered pursuant

to Rule 12 of the Rules of Procedure of the Judicial Panel

on Multidistrict Litigation, 53 F.R.D. 119, 123 (1971).

———————————
*   Judge Alfred P. Murrah took no part in the consideration
or decision of this matter.

- 2 -

Before the effective date of these orders, plaintiff in
the Moss action and defendant Bache & Co. in the Garnaas
action filed formal oppositions to transfer.

Since the time the conditional transfer orders were
entered, a settlement of the claims of classes of Four
Seasons stockholders has been approved.  It appears from
the papers filed with the Panel by Walston & Co., a
defendant in the Moss case and in a number of previously
transferred cases, that plaintiffs in four actions have
excluded themselves from the settling class and intend
to litigate their claims individually.  The transferee
court is now faced with the administration of the settle-
ment and the coordination of pretrial proceedings in the
remaining individual actions.

The question of transfer in both cases now before
the Panel has been submitted on the briefs.  On the basis
of those briefs we find that both actions must be trans-
ferred to the Western District of Oklahoma for the con-
venience of the parties and witnesses and the just and
efficient conduct of the litigation.

I.  The Moss Action

Plaintiff Moss made her purchases of Four Seasons
securities through an account maintained with Walston
& Co.  Although her complaint does not name the securities
purchased by her, she alleges that Walston and the employees
managing her account made misrepresentations and omitted

- 3 -

to state material facts concerning those securities.  In
her brief filed with the Panel, Moss concedes that some
of her alleged losses resulted from transactions in Four
Seasons securities and Walston states that its records
indicate that slightly less than half of the alleged
losses resulted from such transactions.

The papers filed by Moss do not indicate whether
she wishes to participate in the settlement or to pursue
her claim individually.  Walston suggests that counsel
for Moss has indicated an intention to proceed individually
and argues that Moss is a member of the class who has
failed to exclude herself and who will be barred from
further prosecution of the settled claims.  Without
passing on the merits of these contentions, it appears
that important issues concerning the effect of the settle-
ment may be presented in this case.

Moss opposes transfer by emphasizing the individual
allegations in her action concerning the conduct of
Walston personnel and the fact that securities other
than Four Seasons were purchased and sold for her account.
This argument is inadequate for several reasons.  As
Walston suggests, the first question to be faced is the
effect of the class settlement on Moss's claims, which
is likely to turn on the terms of the settlement, the
facts surrounding its submission to the class and its

- 4 -

subsequent approval -- as well as any individual action taken by Moss.  It would be most logical, both for the parties and the courts, to transfer this action to the transferee judge, who has a first hand familiarity with the settlement and who may be faced with similar questions involving the same factual background.

In the event plaintiff's cause of action is determined to be unaffected by the settlement and she wishes to proceed with pretrial discovery, she will be exploring many issues of fact common to the claims of those other stockholders who have excluded themselves from the settlement, notwithstanding her allegations of individual misconduct by Walston employees.   In re Four Seasons Securities Litigation, ___ F. Supp. ____ (J.P.M.L. 1972); 344 F. Supp. 1404 (J.P.M.L. 1972).

II.   The Garnaas Action

Plaintiff Garnaas made his purchases of Four Seasons securities through Bache & Co. and alleges that Bache and its representative violated the federal securities laws by misrepresentations and omissions concerning the securities. Bache is not a defendant in the multidistrict cases and opposes transfer on the ground that it has completed discovery and is ready for trial.  Plaintiff Garnaas takes issue with this, contending that he has been unable to complete his most important discovery concerning Bache's investigation of the Four Seasons securities.

- 5 -

Here, as in <u>Moss</u>, the initial question may be the effect of the settlement on plaintiff's claim since plaintiff seems to be a member of the settling class. And, if plaintiff is determined to be outside of the settlement for any reason, the pretrial discovery which plaintiff will require will be largely common to the other individual actions proceeding toward trial. Accordingly, this action should be transferred to the Western District of Oklahoma for the same reasons as the <u>Moss</u> case.

IT IS THEREFORE ORDERED that the actions entitled <u>Alf Garnaas v. Bache & Co., Inc.</u>, D. Minnesota, Civil Action No. 4-71-649 and <u>Bertha Moss v. Walston & Co., Inc.</u>, N.D. Illinois, Civil Action No. 72 C 1726, be, and the same hereby are, transferred to the Western District of Oklahoma and, with the consent of that court, assigned to the Honorable Roszel C. Thomsen for coordinated or consolidated pretrial proceedings with the other actions pending there.

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE FOUR SEASONS SECURITIES )
LAWS LITIGATION )
)
Randolph Phillips v. Francis Santagelo, )
S.D. New York, Civil Action No. )
76 Civ. 4174 )

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

SEP 30 1976

PATRICIA D. HOWARD
CLERK OF THE PANEL
DOCKET NO. 55

## OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD,
EDWIN A. ROBSON, WILLIAM H. BECKER ,  JOSEPH S. LORD, III,
STANLEY A. WEIGEL, AND ANDREW A. CAFFREY ,  JUDGES OF
THE PANEL

PER CURIAM

The Panel has previously transferred several actions

in the above-captioned litigation to the Western District

of Oklahoma and with the consent of that court, assigned them to

the Honorable Roszel C. Thomsen, sitting by designation,

for coordinated or consolidated pretrial proceedings pur-

suant to 28 U.S.C. §1407.  See, e.g., In re Four Seasons

Securities Laws Litigation, 328 F. Supp. 221 (J.P.M.L. 1971);

331 F. Supp. 559 (J.P.M.L. 1971); 344 F. Supp 1404 (J.P.M.L.

1972); 352 F. Supp. 962 (J.P.M.L. 1972); 352 F. Supp 964

(J.P.M.L. 1973); 355 F. Supp. 1405 (J.P.M.L. 1973); 361 F.

Supp. 636 (J.P.M.L. 1973); 373 F. Supp. 975 (J.P.M.L. 1974).

Since the Santangelo action appeared to share common factual

issues with the litigation before Judge Thomsen, the Panel

entered an order conditionally transferring it to the Western

- 2 -

District of Oklahoma for inclusion in the Section 1407 pre-
trial proceedings.  Plaintiff appearing _pro se_ has filed a
motion to vacate the conditional transfer order, while de-
fendant favors transfer.[1]  We find that this action raises
questions of fact common to the previously transferred actions
and that its transfer to the Western District of Oklahoma under
Section 1407 will best serve the convenience of the parties
and witnesses and promote the just and efficient conduct of
the litigation.

In the litigation in the transferee district, Judge
Thomsen has approved a class action settlement while several
remaining actions have been terminated by settlement or other-
wise.  Judge Thomsen's opinion approving the class settlement
provides as follows:

> [T]he settlement includes all claims which have
> been or could be asserted by or on behalf of the
> classes, or any member thereof, arising out of
> or relating to any act or omission relating to
> the Four Seasons companies, and other related
> or affiliated companies, or relating to the busi-
> ness, management or financial statements of any
> of the Four Seasons companies, or transactions in
> the securities or commercial paper of any of the

---

[1]The hearing in this action originally was scheduled for March
26, 1976.  Because of plaintiffs ill health, the hearing was
postponed for one month and reset for April 23, 1976.  On April
22, 1976, the day before the  rescheduled hearing, plaintiff
informed the Clerk of the Panel by telephone that he had
mailed a motion requesting that oral argument again be post-
poned for at least another month.  This motion was not re-
ceived by the Clerk of the Panel until April 29, 1976, six
days after the hearing.  Since none of the parties was pre-
sent when the matter was called at the April hearing, and since
at that time no motion for postponement of the already re-
scheduled hearing was properly before the Panel, the question
of transfer under Section 1407 was deemed submitted on the
briefs pursuant to Rule 14, R.P.J.P.M.L., 65 F.R.D. 253, 264
(1975).

- 3 -

> Four Seasons companies, prior to the date of
> entry of the final judgment provided for in
> the order, whether or not asserted in the class
> actions....[This judgment will] [b]ar forever
> the prosecution against the defendants or any-
> one else of any and all settled claims by any
> member of the classes, except those who have
> opted out.  <u>In re Four Seasons Securities Laws
> Litigation</u>, 58 F.R.D. 19, 33-34 (W.D. Okla.
> 1972).

Randolph Phillips, an absent member of the class
embraced in the class settlement approved by Judge Thomsen,
is the plaintiff in both the action presently before the Panel
and one of the actions previously transferred to Oklahoma.
<u>See In re Four Seasons Securities Laws Litigation</u>, <u>Randolph Phillips
v. Jack L. Clark et ux</u>, 373 F. Supp. 975 (J.P.M.L. 1974).
In <u>Clark</u>, plaintiff sued one of the principal defendants
in the class settlement, a former board chairman of Four
Seasons, seeking to recover losses suffered in transactions
involving Four Seasons securities.  Shortly after that
action was transferred under Section 1407, Phillips moved
for summary judgment.  When met by a cross-motion for summary
judgment based on the class action settlement as a bar,
Phillips sought to be relieved from the judgment in the class
settlement by  filing a motion under Rule 60(b), <u>Fed. R.
Civ. P.</u>  This motion and several supplementary motions were
denied by the transferee court.  <u>In re Four Seasons Securities
Laws Litigation</u>, 63  F.R.D. 422 (W.D. Okla. 1974), <u>supplemented</u>,
64 F.R.D. 325 (W.D. Okla. 1974).  The Court of Appeals for

- 4 -

the Tenth Circuit affirmed.   In re Four Seasons Securities
Laws Litigation, 525 F.2d 500 (10th Cir. 1975).  We are
advised that the cross-motions for summary judgment are still
before the transferee court.

In the action now before the Panel, plaintiff
again seeks to recover, under the federal securities laws,
damages sustained as a result of his having traded in Four
Seasons  securities in 1969 and 1970, during the period
included in the class action settlement.  The damages sought
in this action are virtually identical to those claimed in
the class action proceedings and in Clark.  The sole defendant
is Mr. Santagelo, who was a specialist for the American Stock
Exchange in the stock of Four Seasons.  He was apparently
neither a named defendant in the class actions nor did he
contribute to the settlement therein.  The previously quoted
passage from Judge Thomsen's opinion approving the class
settlement, however, purports to bar actions against not
only the defendants but also anyone else.

Plaintiff asserts that there are no substantial
common questions of fact involved in this action and the remaining
actions  pending in the Western District of Oklahoma.  Only
the jurisdictional and damage allegations are common to the
complaint in this action and that in Clark, he argues, and
the other action before Judge Thomsen currently involves
only allegations of wrongdoing against the accountants for

- 5 -

Four Seasons.  Phillips also maintains that there is no genuine issue of fact as to whether the judgment approving the class action settlement applies to Santangelo, because Santangelo was neither a party to the class actions nor a contributor to their settlement.  In addition, plaintiff points out that his executed release in the class action settlement purported to preserve his right to sue the American Stock Exchange for damages, and he alleges that Santangelo was a member of AMEX at all material times.  At any rate, Phillips asserts, any question as to the scope and effect of the judgment approving the class action settlement is purely a question of law.  A common question of law, he argues, independent of common questions of fact of a substantial nature, is not a basis for Section 1407 transfer.

We do not find plaintiff's arguments persuasive. On the basis of the record before us, Santangelo appears to raise factual questions common to the previously transferred litigation concerning the effect of the class settlement on his claims.  In addition, an examination of the complaints in Santangelo and the actions in transferee district reveals the existence of significant common questions of fact concerning the allegedly fraudulent activities detrimental to the value of Four Seasons securities.  We note that the Santangelo complaint includes allegations that defendant violated Sections 10(b) and 11(b) of the Securities Exchange Act of 1934, in part, by maintaining undisclosed social

- 6 -

and financial relationships with Mr. Clark and other
Four Seasons officials.  Thus, as we have emphasized
throughout this litigation, Judge Thomsen, who is
uniquely well versed in every aspect of the action in-
volving Four Seasons, is in the best position to resolve
these issues quickly and with a minimum of pretrial effort
by the parties, the witnesses and the judiciary.  See, e.g.,
In re Four Seasons Securities Laws Litigation, 373 F. Supp.
975, 976 (J.P.M.L. 1974); 355 F. Supp. 1405, 1406 (J.P.M.L.
1973); 352 F. Supp. 964, 965-66 (J.P.M.L. 1973).

IT IS THEREFORE ORDERED that the action entitled
Randolph Phillips v. Francis Santagelo, S.D. New York,
Civil Action No. 76 Civ. 4174, be, and the same hereby is,
transferred to the Western District of Oklahoma and, with
the consent of that court, assigned to the Honorable Roszel
C. Thomsen for coordinated or consolidated pretrial proceedings
pursuant to 28 U.S.C. §1407 with the actions in the above-
captioned litigation which are pending in that district.